## THE L. T. C. NO. 9.
## THE MATTON NO. 20.
## THE SACHEM.
### No. 17102.

District Court, E. D. New York.
July 2, 1946.

Burlingham, Veeder, Clark & Hupper, of New York City (William S. Stuhr, Jr., of New York City, of counsel), for libellant.

Mahar & Mason, of New York City (Frank C. Mason, of New York City, of counsel), for Matton No. 20.

Reginald V. Spell, of New York City (Harold Schaffner, of New York City, of counsel), for Sachem.

KENNEDY, District Judge.

This is a cause of collision.

Just before 10:30 p. m. on the evening of October 20, 1942 the diesel tug Matton No. 20 [1] had passed Bear Island, on the westerly shore of the Hudson, and was bound southerly. She was on a range, so that Cow Island, on the east bank of the river was dead ahead and Bear Island dead astern. Matton No. 20 was towing L.T.C. No. 9, a tank barge,[2] push tow fashion with two wire cables running from the after corners of the L.T.C. No. 9 to the side bitts of Matton No. 20. Tug and tow were making about 7 knots over the ground.

Down to the south, and somewhere near buoy No. 43 Sachem [3] was proceeding up the river. She had on her starboard side 3 light steel scows.[4] Sachem was made fast to her tow in such fashion that her bow overlapped the stern of the second scow and her stern overlapped the bow of the last scow. Tide and wind were negligible. The visibility was none too good because of the existence of a haze.

Matton No. 20 first saw Sachem and her tow when the latter were about 1,500 feet to the south. There is considerable dispute about where in the channel Sachem was at this time, but I find that she was nearer to the easterly shore than to the westerly shore of the river. Sachem, however, was in such a position that she had Matton No. 20 on her starboard bow. The mate of Sachem, who was in charge, admitted that when he first saw Matton No. 20 the latter's starboard running light was plainly visible and he could see only a little of her port light.[5] These circumstances confirm the claim of Matton No. 20 that a starboard to starboard passing was perfectly feasible when the tugs first sighted each other.

However, when there was only about 800 feet between the bow of Sachem's head scow and the bow of L.T.C. No. 9, Sachem blew one blast and turned to starboard, that is towards the easterly side of the river. The master of Matton No. 20 responded with two blasts and an alarm, stopped his engines and backed full speed. Nevertheless the bow of L.T.C. No. 9 struck the port bow area of the head scow of Sachem's tow, the point of collision being about 30 feet from the easterly shore of the river and in the vicinity of Cow island.

There can be no question that Sachem was at fault. Her mate admitted that made up as he was, with 3 scows in tandem on his starboard side, he could not maneuver easily. And this must have been particularly true when one considers that Sachem obviously did not have enough power to handle scows in any such fashion, even assuming that such a make-up is proper. Moreover, despite the poor visibility, Sachem had no lookout on her head scow, and those in her pilot house obviously did not

---

[1] The Matton No. 20 is, as I have said, diesel powered. Her length is 67.8 feet, her beam 20 feet; her inside depth is 8.4 feet. Her gross tonnage is 85 and her net tonnage 58. She carries a crew of 3 and develops 400 horsepower.

[2] The L.T.C. No. 9 is 757 gross, 728 net tons. Her length is 200.5 feet and her beam 38.2 feet with a depth of 12.9. She is a tank barge, and was laden with oil.

[3] The tug Sachen is 100 gross tons, 70 net tons. Her length is 71.8 feet and her beam 20.1 feet. Her inside depth is 10.5 feet. She is a steam vessel carrying a crew of 4. She develops 70 horsepower.

[4] Each of these is 150 feet long and 20 feet in beam.

[5] s.m. 58.

have any unobstructed vision toward the easterly side of the river.

The only real question in the case is whether Matton No. 20 was guilty of any fault. Sachem says she did not maintain a proper lookout, because of her admission that nobody was sent to the bow of the oil barge until Sachem was some 1,500 feet away to the south. I accept this fact, but I do not believe it is sufficient under the circumstances to charge Matton No. 20 with fault. Sachem's principal argument is that she, being close to the easterly side of the channel, had the "right of way", meaning that when she signalled for a port to port passing Matton No. 20 had to comply. Of course this is not true. What Sachem did, despite the feasibility of a starboard to starboard passing, was to cut across the bow of Matton No. 20. She did this because of her anxiety to get on the Cow Island range, which necessitated that she veer to starboard. Because of her poor lookout she did not realize the danger entailed in this maneuver, and the collision was the direct result.

Under all the circumstances I cannot escape the conclusion that Sachem and Sachem alone was at fault. Libelant is therefore entitled to a decree appropriate in form to charge Sachem for the damages sustained. Matton No. 20 and her claimant are entitled to a dismissal of the libel.

I have filed findings of fact and conclusions of law.